UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-425-CR-COHN/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SAMUEL KNOWLES,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL FOR LACK OF JURISDICTION

THIS CAUSE is before the Court upon Motion of Defendant Samuel Knowles for Dismissal for Lack of Jurisdiction [DE 84]. The Court has carefully considered the Motion, Response [DE 86], Reply [DE 87], oral argument heard on February 22, 2007, and is otherwise fully advised in the premises.

### I. BACKGROUND

Defendant Samuel Knowles is a citizen of the Bahamas who was indicted in the above-captioned case on May 25, 2000, for various drug related offenses committed between June 1995 and April 1996.[1] In response to the Extradition request of the United States by Diplomatic Note on March 18, 2002, a Bahamian Magistrate entered a

---

[1] Defendant was also indicted on December 8, 2000, in Case No. 00-01091-CR-HIGHSMITH for various drug offenses committed between November 1997 and December 2000. Defendant's habeas petition was granted in that case by the Supreme Court of the Bahamas, the lowest level appellate court. The Court of Appeal, the second level appellate court, reversed the decision on its merits, but the Privy Council, the highest court, found that the Court of Appeal lacked statutory authority to review the Supreme Court's decision to grant habeas relief. The United States is not proceeding with prosecution in that case.

Committal Order on December 16, 2002, ordering the extradition of Defendant to the United States to stand trial in this matter. Defendant thereafter submitted his first petition for habeas corpus relief in this case. In May 2003, the Supreme Court of the Bahamas, the lowest level appellate court, dismissed the petition and ordered Defendant's extradition. Defendant appealed to the Court of Appeal of the Bahamas, the second level appellate court. On May 21, 2004, while Defendant's appeal was pending, an Order was entered upon the consent of counsel for Defendant, counsel for the Minister of Foreign Affairs and the Attorney General of the Bahamas that "Mr. Samuel Knowles will not be extradited until all legal processes are complete in respect of both extradition applications against him." The Court of Appeal dismissed the appeal. Defendant appealed the dismissal to the Privy Council, the highest appellate court, which affirmed the Court of Appeal's decision in an order dated July 24, 2006. However, the Privy Council noted that Defendant had filed a second application for habeas relief which was pending before the Supreme Court of the Bahamas.

The second application alleged that Defendant could not receive a fair trial in the United States by virtue of having been designated a "kingpin" under the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. § 1901, *et seq.*[2] The Supreme Court of the Bahamas set this issue for argument on August 18, 2006. Defendant was extradited on August 28, 2006. The Ministry of Foreign Affairs of the Commonwealth of the Bahamas issued three diplomatic notes clarifying the basis for the extradition.

---

[2] The purpose of the Kingpin Act is "to provide authority for the identification of, and application of sanctions on a worldwide basis to, significant foreign narcotics traffickers . . . whose activities threaten the national security, foreign policy, and economy of the United States."

Additionally, faced with whether to require the United States to return Defendant to the Bahamas to proceed with his habeas petition, Justice Lyons of the Supreme Court of the Bahamas issued a strongly-worded order on September 28, 2006, dismissing the petition. Justice Lyons relied on the November 28, 2005 decision of the Privy Council in <u>Noel Heath, Glenroy Matthew v. United States</u> ("<u>Matthew</u>"), which found that there was "simply no merit" in the habeas petition that alleged that the designation as a "kingpin" would serve to deny the defendant due process in the United States; the Privy Council found that this type of argument was "impossible." 2005 WL 3299098, at ¶¶ 24 -25. Defendant in the instant case appealed Justice Lyons' decision on October 11, 2006.

Defendant now argues that this Court lacks jurisdiction over him because he was unlawfully delivered to the custody of the United States while his habeas appeal was pending. Defendant alleges that the extradition violated the May 21, 2004 Order, the Extradition Treaty between the United States and the Bahamas, and § 11(2)(b) of the Bahamian Extradition Act. He asks that he be sent back to the Bahamas until all pending legal proceedings have concluded. The Government alleges that in light of the language contained in orders by the Privy Council and Supreme Court of the Bahamas, the claims pending in the Bahamas have no chance of success and, as such, extradition was proper and prosecution in this Court should not be further delayed.

## II. ANALYSIS

Section 11(2)(b) of the Bahamian Extradition Act prohibits extradition where proceedings on an application for Habeas Corpus are still pending. (Mot., Exh. 6.) This same principle was reflected in the May 21, 2004 Consent Order discussed above.

3

Paragraph 1 of Article 14 of the September 22, 1994 Extradition Treaty between the United States and the Bahamas provides that a person extradited under the Treaty may only be "detained, tried or punished in the Requesting State for the offense for which extradition was granted, or . . . (b) any offense in respect of which the executive authority of the Requested State in accordance with its laws, has consented to the person's detention, trial, or punishment." (Mot., Exh. 7.) The issue before the Court is whether all legal processes in the Bahamas are complete so as to allow the extradition pursuant to the terms of the Extradition Act, Consent Order and Extradition Treaty. Based on the language of Justice Lyon's decision, the <u>Matthew</u> decision, and the diplomatic notes, the Court finds that any legal process still pending is futile in light of Privy Council precedent. Thus, extradition was proper and Defendant's Motion shall be denied.

In dismissing Defendant's petition, Justice Lyons relied on <u>Matthews</u> as binding precedent. Justice Lyons was emphatic in voicing his displeasure at even contemplating allowing Knowles to advance an obviously untenable argument. Justice Lyons found that Defendant's petition had "less chance of success that [sic] the proverbial snowball in Hell. In [sic] must then be accepted that Samuel Knowles continued argument on the second application under the Kingpin Act was impossible. It was guaranteed to fail." (Mot., Exh. 4, ¶ 44.) He further noted, "How stupid would our courts look? Surely others would be entitled to roll back in their chair and laugh their heads off at what a bunch of fools were sitting on the bench in The Bahamas, that we even contemplated and allowed counsel to advance an argument that was positively doomed to fail." (<u>Id.</u>, ¶ 49.) Additionally, Justice Lyons stated, "In my opinion to allow

some party before the court to pursue an impossible task just to buy time and in the process likely cause the court to become a laughing stock, (I say it that strongly), is to manipulate the court in such a way as to be an abuse of the process." (Id., ¶ 54.) Finally, he concluded, "The fact of the matter is that Samuel Knowles has reached the end of the road. He, and his counsel (and the respondents' counsel) have fought a long hard fight, and with considerable credibility. But it is over. No extra time is allowed." (Id., ¶ 59.) As such, pursuant to the May 21, 2004 Order of the Supreme Court, Justice Lyons found that all legitimate legal processes involving the extradition of Defendant were complete, and extradition was proper.

This Court whole-heartedly agrees with the findings of Justice Lyons. At the time of Defendant's extradition, based on the decision in Matthew, all legitimate avenues for habeas relief had been extinguished. The pending habeas appeal is therefore frivolous and futile. To return Defendant to the Bahamas would serve no other purpose than to further delay this criminal case and subvert the interests of justice while allowing the Defendant to pursue an "impossible task."

Defendant argues that Matthew is not controlling because the defendants in Matthew sought to avoid extradition by establishing a "real risk that [they would] suffer a flagrant denial of justice" in the United States. 2005 WL 3299098, ¶ 24. Defendant argues that the standard in this case is whether there is a risk of prejudice because of his designation as a "kingpin." Contrary to Defendant's argument that Matthew is distinguishable, the Court finds that the Privy Council's decision in Matthew undisputedly renders Defendant's arguments moot. The Privy Council found that the "kingpin" argument was "impossible" because the courts of the United States could

ensure that a "kingpin" designee receives a fair trial properly safeguarded against the prejudicial effects of the designation. Id. The same is true in this case. There is no reason to believe that this Court and the other courts of the United States will not apply this nation's due process procedures to ensure that Defendant receives a fair trial. Therefore, Matthew controls and this Court adopts the rationale of Justice Lyons in finding that Defendant's legitimate habeas proceedings have been completed. The issue raised in the second application for habeas corpus relief has been definitively decided by the Privy Council in Matthew. Thus, the legal argument advanced by Knowles is frivolous and a sham. The May 21, 2004 Order of the Supreme Court of the Bahamas and § 11(2)(b) of the Bahamian Extradition Act were not violated by Defendant's extradition.

The Court also finds that the requirements of Paragraph 1 of Article 14 of the September 22, 1994 Extradition Treaty between the United States and the Bahamas have been satisfied. The diplomatic notes dated September 4 and 5, 2006[3], clearly indicate that Defendant was surrendered to the United States pursuant to the December 16, 2002 Warrant of Committal. It is undisputed that this warrant was issued pursuant to the extradition requests made by the United States for the crimes charged in this case. (Resp., Exh. 1 & 2.) Since the Extradition Treaty provides that a person

---

[3] Defendant's Reply [DE 87] includes Diplomatic Note No. 204 dated September 4, 2006, which states that the Ministry of Foreign Affairs of the Bahamas is continuing to investigate whether Defendant was properly extradited before providing the United States with a statement regarding the specific criminal matters for which Defendant was surrendered. However, Diplomatic Note No. 205, attached to the Government's Response and also dated September 4, 2006, specifically states that it supplements Note No. 204. Therefore, the Court relies on the information provided by the Ministry of Foreign Affairs in Note Nos. 205 and 206.

extradited under the Treaty may only be "detained, tried or punished in the Requesting State for the offense for which extradition was granted," and extradition was granted for prosecution of the offenses charged in this case, the Court finds that the extradition did not violate the terms of the Treaty.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion of Defendant Samuel Knowles for Dismissal for Lack of Jurisdiction [DE 84] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this  1st  day of  MARCH ~~February~~, 2007.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

copies to:
All counsel of record